IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

v.                                :      CRIM. NO. AMD 07-0101
                                         CIV. NO. AMD 08-1784
CHRISTOPHER DAVID WHITE           :

...oOo...

MEMORANDUM

Movant, Christopher David White, represented by counsel, pled guilty pursuant to a negotiated plea agreement to a charge of conspiracy with intent to distribute and possess with the intent to distribute 500 grams or more of cocaine under 21 U.S.C. § 846. On October 19, 2007, the Court sentenced White to 60 months in prison, followed by four years of supervised release. On July 2, 2008, White timely filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. White alleges that his counsel was ineffective. For the reasons set forth *infra*, the motion to vacate shall be denied.

I.

White contends that his counsel provided ineffective assistance in two respects. First, he alleges that counsel failed to object to a two-level firearms enhancement in the presentence report. Second, he contends that counsel failed to seek suppression of the drugs and firearm which were seized as a result of what he characterizes as an illegal search. White alleges that these failures by counsel constitute ineffective assistance because his sentence was "greater than called for if the firearm had not been a part of the 'sentencing mix.'" Petition at 8.

White's prosecution arose from the following facts. On August 28, 2006, law enforcement officers searched White's mother's house pursuant to a search and seizure warrant, and found and seized from White's bedroom approximately 492 grams of cocaine, a container of inositol (a cutting agent), and a loaded .40 caliber handgun registered to White.[1] White was indicted and charged with conspiracy to distribute and possession with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846.

White was represented by retained counsel. The U.S. Attorney offered White a plea agreement pursuant to which he would plead guilty to the conspiracy charge. The plea agreement stated that White would be subject to a statutory minimum sentence of five years in prison and up to five years of supervised release. The plea agreement also stated that the parties agreed the two-level firearm enhancement was appropriate.[2] On July 9, 2007, White pled guilty pursuant to the plea agreement, in which he waived his right to appeal any sentence of five years or less.

II.

To succeed in a proceeding for collateral relief under 28 U.S.C. § 2255, the petitioner must show that: (1) the sentence violated the Constitution or a federal law; (2) the court did

---

[1] Also found during the search were: (1) six .40 caliber cartridges; (2) five 9 mm cartridges; (3) a magazine for the .40 caliber handgun; (4) a kilo press; (5) a scale; (6) a cellular telephone; (7) a false bottom can; and (8) a light socket receptacle safe. Government Ex. 1 at 7.

[2] The stipulation of facts attached to the plea agreement states that "[a] loaded .40 caliber handgun was found within three feet of the cocaine hydrochloride." Government Ex. 1 at 7. White seems to insist that the handgun was ten feet from the drugs and that the handgun was not loaded.

not have jurisdiction to impose the sentence; (3) the sentence exceeded the legal maximum; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. To ground such an attack in a claim of ineffective assistance of counsel, a petitioner must allege facts which would demonstrate if proven that his "attorney['s] performance fell below an objective standard of reasonableness and that [he] suffered prejudice as a result." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). In *Strickland v. Washington*, the Supreme Court articulated a two-part test for a claim of ineffective assistance of counsel which requires a petitioner to show (1) that his counsel's performance was not "within the range of competence normally demanded of attorneys in criminal cases"; and (2) that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The prejudice prong of the test requires the petitioner to show that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. There is a strong presumption that a petitioner's counsel was competent. *United States v. Cronic*, 466 U.S. 648, 658 (1984); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985).

Judged by this standard, White has failed to overcome the presumption of competence, and thus each of his claims of ineffective assistance of counsel fail. First, in his plea agreement, White agreed that the two-level firearm enhancement applied. Government Ex. 1 at 4. Second, the transcript of the guilty plea hearing shows that he had no disagreement with the government's summary of the plea agreement, which included an explanation of the

parties' agreement as to appropriateness the firearm enhancement. Government Ex. 1 at 4; Government Ex. 2 at 10:9-17; 15:9-15. Finally, as a result of his guilty plea, White faced a mandatory minimum sentence of 60 months and a maximum sentence of 40 years. 21 U.S.C. § 841(b)(1)(B)(ii). The two-level firearms enhancement had no effect on the sentence, as the mandatory minimum 60 month was sentence imposed.[3] Thus, any failure by counsel to object to the two-level firearm enhancement clearly did not constitute ineffective assistance.

Similarly, White fails to show that counsel provided ineffective assistance by failing to file a motion to suppress the drugs and firearm seized from White's bedroom. As the Court made clear to White at the time of his guilty plea colloquy, "by pleading guilty, you're giving up for all time any opportunity to challenge the government's evidence, or the manner and means by which the government obtained the evidence against you." Government Ex. 2 at 6:15-24. The transcript of the guilty plea hearing also shows, contrary to White's assertions, that he had no complaints about counsel's representation whatsoever. *Id.* at 3:22-4:2.

### III.

For the reasons set forth above, White's claim of ineffective counsel fails and he is not entitled to relief. An order follows.

Filed: October 9, 2008

_____
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE

---

[3] The two-level firearm enhancement would have resulted in an advisory sentencing guideline range of 57-71 months.