IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIM. NO. AMD 07-0101 |
| | : | CIV. NO. AMD 09-1731 |
| CHRISTOPHER DAVID WHITE | : | |
| : : | : : : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIM. NO. AMD 07-0101 |
| | : | CIV. NO. AMD 09-1655 |
| CHRISTOPHER DAVID WHITE | : | |

...o0o...

MEMORANDUM

In Civil No. AMD 08-1784, Christopher David White challenged under 28 U.S.C. § 2255 his 60 month sentence imposed in Crim. No. AMD 07-0101. He alleged that his counsel provided ineffective assistance in two respects: first, that counsel failed to object to a two-level firearms enhancement in the presentence report; and second, that counsel failed to seek suppression of the drugs and firearm which were seized as a result of what he characterized as an illegal search. In a Memorandum and Order entered on October 9, 2008, the court denied the motion to vacate. The Fourth Circuit denied a certificate of appealability and dismissed White's appeal on May 4, 2009. *See* 2009 WL 1178531 (4th Cir. May 4, 2009).

On June 26, 2009 (in a form signed on or about June 22, 2009), White filed a second motion to vacate, this time claiming that counsel failed to obtain a psychiatric evaluation before the guilty plea proceedings and also reiterating his Fourth Amendment claims. The

motion to vacate was docketed in Civil No. AMD09-1731. In addition, White filed on or about June 22, 2009, in Civil No. AMD 09-1655 a habeas action under 28 U.S.C. § 2241. In that action, he alleges that he should be awarded credit against his 60 month sentence for the time he spent on electronic home monitoring during the pre-trial phase of the prosecution.

As a matter of law, neither of White's most recent filings afford him relief. First, he must obtain the permission of the Fourth Circuit Court of Appeals before he may file a second motion to vacate. *See United States v. Winestock*, 340 F.3d 200, 208 (4th Cir.2003). Moreover, the law is clear that he is not entitled to credit against his sentence for the time he was released on home detention. *See United States v. Insley*, 927 F.2d 185, 186-87 (4th Cir. 1991). Nevertheless, as to the latter claim, because White is not serving his sentence in this district, this court lacks jurisdiction to adjudicate the claim. *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).

For the reasons set forth above, each of these actions shall be dismissed without prejudice. An order follows.

Filed: July 7, 2009                                        /s/
                                                           ANDRE M. DAVIS
                                                           UNITED STATES DISTRICT JUDGE